IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

```
----------------------------------------------------      :
  LARS ST. JOHN,                                           :  CASE NO.  1:05 CV 02357
                                                           :
                                    Plaintiff              :
                                                           :  MEMORANDUM AND ORDER
                          -vs-                             :  DENYING PLAINTIFF'S MOTION FOR
                                                           :  LEAVE TO AMEND AND DISMISSING
                                                           :  THE MATTER SUA SPONTE FOR
  DR. SPIRO PANTZOULOUS,                                   :  LACK OF SUBJECT MATTER
                                                           :  JURISDICITION PURSUANT TO FED.
                                    Defendant.             :  R. CIV. P. 12(b)(1)
----------------------------------------------------      :
```

UNITED STATES DISTRICT JUDGE LESLEY WELLS


On 6 October 2005, *pro se* plaintiff Lars St. John ("St. John") brought this action

for medical malpractice personal injury against his dentist, Dr. Spiro Pantzoulous

("Pantzoulous"), seeking $200,000 in compensatory and punitive damages for the pain

and suffering allegedly experienced during a tooth extraction.  (Docket No. 1).

Proceeding through counsel, Mr. Pantzoulous answered the complaint on 26 October

2005, averring various affirmative defenses including the failure of the complaint to

comply with Fed. R. Civ. P. 10(b), which directs claimants to number each claim in the

dispute.  (Docket No. 3).  Now before the Court is Mr. St. John's 9 November 2005

motion for leave to amend his complaint to number each claim to comply with Rule

10(b).  (Docket No. 5).

For the reasons set forth below, the Court denies Mr. St. John's motion for leave

to amend and dismisses the matter for lack of subject matter jurisdiction pursuant to

Fed. R. Civ. P. 12(b)(1).

Federal courts are always "under an independent obligation to examine their own jurisdiction," FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231, 110 S.Ct. 596, 107 L.Ed.2d 603 (1990), and a federal court may not entertain an action over which it has no jurisdiction.  See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982).

Although *pro se* pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), a district court may, at any time, conclude that it lacks subject matter jurisdiction.  The Sixth Circuit has recognized that under such circumstances, *sua sponte* dismissal is appropriate.  See Keeran v.. Office of Pers. Mgmt., 827 F.2d 770, 1987 WL 44548, at *1 (6th Cir. Aug. 26, 1987); Community Health Plan of Ohio v. Mosser, 347 F.3d 619, 622 (6th Cir.2003) (courts may dismiss a complaint for lack of subject matter jurisdiction, *sua sponte*, pursuant to Rule 12(b)(1) of the Federal Rules of Civil procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit or no longer open to discussion.) .

Pursuant to 28 U.S.C. § 1331, the Court has federal question jurisdiction in instances in which the action arises "under the Constitution, laws, or treaties of the United States."  Mr. St. John avers no original jurisdiction on the basis of a federal question.[1]  Instead, the plaintiff has asserted a claim of medical malpractice against his

---

[1]Mr. St. John averred in the civil cover sheet accompanying his complaint that federal jurisdiction arose because the plaintiff party was the United States government.  As an admitted private citizen, Mr. St. John is clearly not the United States government and, further, may not simply assume the jurisdictional mantle of the federal government without reference to an enabling statute and, even then, the plaintiff would be proceeding as a private citizen.  See, e.g. U.S. ex rel. Findley v. FPC-Boron Employees' Club,

dentist based upon medication administered prior to an oral extraction.  A claim of medical malpractice arises solely under state tort law.  Construing the plaintiff's complaint liberally and accepting all of his allegations as true, Mr. St. John has, nevertheless, failed to state a claim cognizable in this Court.  Accordingly, the Court lacks federal question jurisdiction over his complaint.

While the matter in controversy meets the threshold for jurisdiction based on diversity of citizenship, pursuant to 28 U.S.C. § 1332(a), nevertheless, the diversity of citizenship must be complete such that all parties on one side of the controversy are of diverse citizenship from all opposing parties at the time the complaint is filed. Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828-31, 109 S.Ct. 2218, 104 L.Ed.2d 893(1989).  As Mr. St. John made clear through the civil cover sheet accompanying the complaint, both he and Mr. Pantzoulous are citizens of Ohio. Accordingly, diversity jurisdiction does not exist.

The Court also lacks supplemental jurisdiction with respect to the plaintiff's state law claims.  Pursuant to 28 U.S.C. § 1367(a) federal courts garner power to exercise supplemental jurisdiction over state law claims in an action when the federal court has original jurisdiction over claims in the action and the companion state law claims in the action "form part of the same case or controversy."  City of Chicago v. International Bd. of Surgeons, 522 U.S. 156, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997).  In this instance, however, Mr. St. John avers no federal question to which the Court could attach his state law claims even if it were inclined to exercise supplemental jurisdiction.

---

105 F.3d 675, 679-81 (D.C.Cir.1997) (discussing jurisdiction in qui tam actions involving private citizens suing on behalf of the federal government).

3

Accordingly, Mr. St. John cannot assert any other independent basis for the Court's jurisdiction over his complaint.

Construing the plaintiff's complaint liberally and accepting all of his allegations as true, Mr. St. John has failed to state a federal claim.  Because the jurisdiction of federal courts is limited to civil actions arising under the Constitution or laws of the United States, 28 U.S.C. § 1331, and controversies between citizens of different states, 28 U.S.C. § 1332, this Court lacks subject matter jurisdiction over Mr. St. John's state law tort claim.

Accordingly, the Court denies Mr. St. John's motion for leave to amend as futile, pursuant to the decision in Miller v. Calhoun County, 408 F.3d 803 (6th Cir. 2005)[2], and dismisses the complaint for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1).


        IT IS SO ORDERED.

                                         /s/Lesley Wells
                                         UNITED STATES DISTRICT JUDGE

Dated: 12 December 2005

---

[2]In Miller v. Calhoun County, 408 F.3d 803 (6th Cir. 2005), the Sixth Circuit recognized, "[a] court need not grant leave to amend, however, when the amendment would be 'futile.'  Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss."  Miller, 408 F.3d at 817 (citations omitted).